**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                                  Case No. 8:04-CR-164-T-30EAJ

WILMER GUZMAN,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Guzman's Motion to Request Transcripts and All Documents, Applications and Motions (Dkt. 44). Defendant has not been found to be indigent. *See* 18 U.S.C. 3006A.

Represented by privately retained counsel, *see* Dkt. 5, Defendant entered a guilty plea to the charge of conspiracy to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. 841(b)(1)(A)(ii)(II) and 846, on June 2, 2004 (Dkt. 27), pursuant to a written plea agreement (Dkt. 26). He was sentenced on September 10, 2004, to a 121-month term of imprisonment, to be followed by a 5-year term of supervised release (Dkt. 38). One consequence of Petitioner's plea agreement is his waiver of the right to appeal his sentence,

> directly or *collaterally*, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5CI.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Dkt. 26 at 7.

In his motion, Defendant asks the Court to "waive the fees" and provide him copies of "his transcript and any and all pertinent information concerning his case" so he can begin researching issues to be raised in an appeal of his conviction. Defendant states that he requested copies of these documents from trial counsel and "received evasive answers."[1]

The right of appeal is a creature of statute, 28 U.S.C. § 1291, rather than a right guaranteed by the Constitution. *See Abney v. United States*, 431 U.S. 651, 656 (1977). The right may be waived by not filing a timely notice as required by the Federal Rules of Appellate Procedure. *See United States v. Holmes*, 680 F.2d 1372, 1373-74 (11th Cir. 1982). Rule 4(b), Fed. R. App. P., provides, in pertinent part, that a notice of appeal in a criminal case must be filed "within 10 days after entry of the judgment or order appealed from." Thus, Defendant's notice of appeal was due to be filed on or before September 20, 2004. *See* Fed. R. App. P. 3(a)[2] and 4(b)(1)(A); *see also United States v. Rothseiden,* 680 F.2d 96, 97 (11th Cir. 1982) (finding that "the entry in the criminal docket of the judgment or order appealed from" triggers the period for filing a notice of appeal). Clearly, Defendant failed to perfect an appeal of the order by filing the notice required by Fed. R. App. P. 3(a) and 4(b)(1)(A) within the allotted time.

---

[1] As discussed above, in his plea agreement, Defendant waived his right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines (Dkt. 51 ¶ 4). Given this express waiver, since the Government did not file an appeal and the Court, in sentencing Defendant, did not depart upward, sentence him above the statutory maximum, or sentence him in violation of the law apart from the sentencing guidelines, Defendant has waived his right to challenge his conviction. *See United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994) (court will enforce waivers of appeal if made knowingly and voluntarily); *Williams v. United States*, 396 F.2d 1340, 1342 (11th Cir. 2005) (enforcing petitioner's sentence appeal waiver in a § 2255 proceeding).

[2] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a).

The timely filing of a notice of appeal is "mandatory and jurisdictional." *See United States v. Robinson*, 361 U.S. 220, 229 (1960); *United States v. Whitaker*, 722 F.2d 1533, 1534 (11th Cir. 1984) (finding that "failure to file a timely notice of appeal leaves the appellate court without jurisdiction.") (citation omitted). In some cases, the procedural bar which results from the application of Fed. R. App. P. 4(b)(1) may be overcome if the circumstances which caused the untimeliness of the notice of appeal are due to excusable neglect or good cause set forth in a timely motion for extension of time. See Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).").

A jurisdictional defect occurs when, as in the instant case, the appeal has not been noticed until more than 40 days after the date of the original judgment. Because there is nothing either this Court or the court of appeals can do to extend the time for filing a notice of appeal, *see United States v. June*, 503 F.2d 442, 443-44 (8th Cir. 1974), there is no reason for a finding of excusable neglect or good cause. Under these circumstances, it would be futile to grant Defendant's request or documents.

The only avenue of post-conviction relief which may remain available to Defendant is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A § 2255 motion must be filed within one year of the date on which the conviction becomes final. Since Defendant did not file an appeal, his conviction became final on September 20, 2004. In the event Defendant decides to file a § 2255 motion, he is cautioned that to be considered timely, his § 2255 motion must be filed on or before September 20, 2005. *See* 28 U.S.C. §

2255 ¶ 6.  *See also Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")).

Finally, because no appeal was taken, transcripts of the proceedings in this case have not been prepared.  Defendant may contact the Clerk to obtain information regarding the preparation of transcripts at his expense.  In the event Defendant is unable to secure said transcripts and determines that he needs them to prepare his § 2255 motion, he must provide the Court with a <u>detailed</u> indication of the issues to be raised in his § 2255 motion and demonstrate that preparation of the motion necessitates the requested transcripts. Furthermore, in order to qualify for transcripts at the government's expense, Defendant must complete and return the attached **Forms CJA 23 (Financial Affidavit)** and **CJA 24 (Authorization and Voucher for Payment of Transcript**).  Defendant is further cautioned that filing a motion for transcripts does not toll the limitations period.  *See Woodford v. Garceau*, 538 U.S. 202 (2003) (holding that a petition for federal habeas relief is not "pending" until a federal court is presented with a habeas application seeking an adjudication on the *merits* of the prisoner's claims).  He should conduct himself accordingly.

UPON consideration, the Court **ORDERS** that:

1. Defendant's Motion to Request Transcripts and All Documents, Applications and Motions (Dkt. 44) is **DENIED**.

2. The **Clerk** is directed to **forward CJA Forms 23 and 24** to Defendant with his copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Defendant
Counsel of Record

S:\PDF TEMP FILE\04-cr-164.Guzman.wpd